```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LOUISE BRADLEY,                  :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO.  3:12cv360(RNC)
                                 :
GRUPO IBEROSTAR, et al.,         :
                                 :
     Defendant.                  :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff brings this personal injury lawsuit against Iberostar Hotels & Resorts ("Iberostar"), Hotelera Playa Paraiso S.A. de C.V. and the Mark Travel Corporation (dba Funjet Vacations). Pending before the court is the plaintiff's motion to compel defendant Iberostar to respond to interrogatories. (Doc. #143.) After hearing oral argument, the court rules as follows:

1. Interrogatory 3 requests the defendant to indicate whether it "took any action to demonstrate that it controlled the nature and quality of the goods or services provided under the mark(s)." As phrased, the request is confusing. During oral argument, the plaintiff stated that the interrogatory asks the defendant "how Iberostar controls the nature and quality of the goods or services provided under the mark(s)." The defendant agreed that it understands this to be the meaning of the interrogatory. So clarified, the defendant's objection to the interrogatory on the ground of vagueness is denied as moot. Interrogatory 3 is

granted.[1]

2.      Interrogatories 4 and 5a are granted.  During oral argument, the defendant stated it does not object to the requests.

3.      Interrogatories 5, 6 and 6a are withdrawn by the plaintiff.

4.      Interrogatory 11 is granted.  The defendant objected on the grounds that the information sought was "proprietary financial information" that it "will not produce . . . in the absence of a protective order."[2]  The plaintiff is willing to enter into a protective order.  Counsel agree that they can work together to draft an appropriate order.

        SO ORDERED at Hartford, Connecticut this 15th day of November, 2013.

                            _____/s/_____
                            Donna F. Martinez
                            United States Magistrate Judge

---

[1] The defendant agreed to check further for any additional responsive information.

[2] This was the only objection the defendant asserted in its response to the interrogatory. Fed. R. Civ. P. 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  To the extent that the defendant now seeks to raise additional objections, they are waived as the defendant has not demonstrated good cause.